THOMAS H. CLARKE, JR. (SBN 47592)
JOEL L. FISHMAN (SBN 74394)
ELISE R. VASQUEZ (SBN 201190)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA  94105-1630
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
E-Mail: tclarke@ropers.com
Counsel for Plaintiffs
CHRISTOPHER E. WUTHMANN & ALLISON
ROCK, Husband & Wife

**FILED**

FEB 24 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**TEH**

CHRISTOPHER E. WUTHMANN &
ALLISON ROCK, Husband & Wife,

Plaintiffs,

v.

STEPHEN M. ACKLEY & MARYAN M.
ACKLEY, husband & wife; BRADLEY L.
SMITH & JOYCE J. SMITH, husband &
wife; PACIFIC PENINSULA GROUP;
WHITEHAWK LIMITED LIABILITY
COMPANY; and DOES 1 THROUGH 100

Defendants.

CASE NO. 1412

**COMPLAINT FOR DAMAGES,
RESTITUTION, AND INJUNCTIVE
RELIEF**

- **§ 10(b) 1934 Act**
- **§ 12(a) 1933 Act**
- **§ 25401 Corp.C.**
- **§ 25503 Corp.C.**
- **Breach, Fiduciary Duty**
- **Breach of Contract**
- **Fraud: § 1710(1) C.C.**
- **Deceit: § 1710(3) C.C.**
- **Negligence Misrepresentation:
  § 1710(2) C.C.**
- **Negligence Per Se**
- **Failure to Pay Demand Notes**
- **§ 17200 B.& P.C.**
- **Bad Faith Employment Termination**

**DEMAND FOR A JURY TRIAL**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction under 28 U.S.C. section 1331, in that this

case arises under the laws of the United States, to wit, § 10(b) of the Securities Exchange Act of

1934 (the "1934 Act"), Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated pursuant to the 1934

SF/191537.1/THC

- 1 -

COMPLAINT FOR DAMAGES AND
RESTITUTION, AND
DEMAND FOR A JURY TRIAL

1  Act, and §§ 5 and 12(a) of the Securities Act of 1933 (the "1933 Act").

2      2.     The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) in that the state

3  law claims of Plaintiffs CHRISTOPHER E. WUTHMANN and ALLISON ROCK are so related

4  to the claims over which the Court exercises original jurisdiction that they form part of the same

5  case or controversy under Article III of the United States Constitution.

6      3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

7  substantial part of the events giving rise to the claims occurred within the District, and because

8  one or more defendants resides within the District, conducts business within the District, and has

9  engaged in, and continues to engage in, acts of selling and promoting goods, products, and

10  services in the District.

11  **PARTIES**

12      4.     Plaintiffs CHRISTOPHER E. WUTHMANN and ALLISON ROCK ("Plaintiffs")

13  are California residents having their principal residence in San Carlos, California. Plaintiffs are

14  husband and wife, and as such Plaintiffs each have a community property interest in such of their

15  tangible and intangible property as noted herein. Further, Plaintiffs have each and together been

16  subject to the violations of law, breaches of contract, and torts noted herein.

17      5.     On information and belief, Plaintiffs allege that Defendants STEPHEN M.

18  ACKLEY and MARYAN M. ACKLEY are husband and wife, have their principal residence in

19  Atherton, California, and have at all times relevant a community property interest in such of their

20  Pacific Peninsula Group equity stock as is noted herein. Further, Defendants STEPHEN M.

21  ACKLEY and MARYAN M. ACKLEY and DOES ONE through FIFTY (hereinafter

22  "ACKLEY") have each and together been responsible for the violations of law, breaches of

23  contract, and torts noted herein.

24      6.     On information and belief, Plaintiffs allege that Defendants BRADLEY L. SMITH

25  and JOYCE J. SMITH are husband and wife, have their principal residence in Menlo Park,

26  California, and have at all times relevant a community property interest in such of their Pacific

27  Peninsula Group equity stock as is noted herein. Further, Defendants BRADLEY L. SMITH and

28  JOYCE J. SMITH and DOES FIFTY-ONE through ONE HUNDRED (hereinafter "SMITH")

SF/191537.1/THC          - 2 -          COMPLAINT FOR DAMAGES AND
RESTITUTION AND
DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    have each and together been responsible for the violations of law, breaches of contract, and torts
2    noted herein.

3        7.    On information and belief, Plaintiffs allege that Defendants DOES ONE to ONE
4    HUNDRED have a property interest in such of the Pacific Peninsula Group equity stock as is
5    noted herein. Further, DOES ONE to ONE HUNDRED have each and together been responsible
6    for the violations of law, breaches of contract, and torts noted herein.

7        8.    The true names of Defendants DOES 1 through 100 are unknown to Plaintiffs at
8    this time. When their identifies are ascertained, the complaint shall be amended to reflect their
9    true names.

10       9.    On information and belief Plaintiffs alleges that Defendants STEPHEN M.
11   ACKLEY, MARYAN M. ACKLEY, BRADLEY L. SMITH, JOYCE J. SMITH, and DOES
12   ONE to ONE HUNDRED were each the agent of the other Defendants, and that each of the
13   Defendants noted herein ratified the acts and omissions of the other Defendants noted herein.

14       10.   On information and belief, Plaintiffs allege that Defendant PACIFIC PENINSULA
15   GROUP is an active California corporation that was incorporated in 1989 and is headquartered in
16   Menlo Park, California. PACIFIC PENINSULA GROUP is a real estate development company.

17       11.   On information and belief, Plaintiffs allege that Defendant WHITEHAWK
18   LIMITED LIABILITY COMPANY ("WHITEHAWK L.L.C.") is an active California limited
19   liability company, founded in 2003, and headquartered in Menlo Park, California. On
20   information and belief, Plaintiffs allege that WHITEHAWK L.L.C. is wholly controlled by
21   ACKLEY and SMITH, and is a commonly owned and affiliated entity of PACIFIC PENINSULA
22   GROUP.

23                          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24       12.   On information and belief, Plaintiffs allege that in 1989 ACKLEY and SMITH
25   formed a California corporation named PACIFIC PENINSULA GROUP ("PPG"). PPG is
26   denominated by California Secretary of State's corporation identification number 1636853. On
27   information and belief, Plaintiffs allege that immediately thereafter they caused to be issued to
28   themselves 100% of the outstanding shares issued by PPG. PPG undertakes real estate

SF/191537.1/THC                          - 3 -                   COMPLAINT FOR DAMAGES AND
                                                                        RESTITUTION AND
                                                                    DEMAND FOR A JURY TRIAL

1  development, and also provides various services to a number of limited liability companies
2  owned and controlled entirely by ACKLEY and SMITH, or which are owned almost entirely by
3  ACKLEY and SMITH and controlled by ACKLEY and SMITH.

4       13.    On information and belief, Plaintiffs allege that the records at the Office of the
5  California Department of Corporations show that the 1989 issuance of shares of stock of PPG to
6  ACKLEY and SMITH was not qualified, nor was there any attempt to seek an exemption from
7  the obligation of the issuer, PPG, to qualify the issuance of shares to ACKLEY and SMITH. On
8  information and belief, Plaintiffs allege that this constitutes a violation of Section 25110 of the
9  California Corporate Securities Act of 1968, which states that it is unlawful to offer or sell any
10  security in California unless such sale has been qualified or is exempt from the obligation to
11  qualify under State law. On information and belief, Plaintiffs allege that the records of the
12  Securities and Exchange Commission indicate that no record exists of PPG having registered the
13  1989 offering of stock, nor is there any evidence of a filing of a notice of exemption. On
14  information and belief, Plaintiffs allege that under Section 5 of the 1933 Act, 15 U.S.C. Section
15  77e, all offers and sales of securities must be registered or exempt from registration.

16  Christopher Wuthmann Purchases Initial 10% Interest in PPG

17       14.    Plaintiff CHRISTOPHER WUTHMANN commenced employment with PPG in
18  May 1996. His hard work and diligence brought value and benefits to ACKLEY and SMITH and
19  PPG. Accordingly, over time, he was given the title of vice president and rewarded with a salary
20  increase.

21       15.    In 1998 as a reward for his hard work and diligence, ACKLEY and SMITH invited
22  Plaintiff CHRISTOPHER WUTHMANN to become a shareholder of PPG and sold Plaintiff
23  CHRISTOPHER WUTHMANN, from their personal share holdings, 10% of the total issued and
24  outstanding equity shares of PPG (the "First 10%"). Since ACKLEY and SMITH owned 100%
25  of the outstanding equity of PPG, to accomplish this ACKLEY and SMITH each sold Plaintiff
26  CHRISTOPHER WUTHMANN 5% of the equity in the company from their personal holdings.
27  See Exhibits "A" and "B" for a copy of the 1998 Restricted Stock Purchase Agreement involving
28  Defendants Stephen and MaryAn Ackley and Bradley Smith and Joyce Smith, as sellers, and

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/191537.1/THC       - 4 -       COMPLAINT FOR DAMAGES AND
                RESTITUTION AND
                DEMAND FOR A JURY TRIAL

1    Plaintiffs as buyers.

2        16.    On information and belief, Plaintiffs allege that the records of the Office of the

3    California Department of Corporations show that the 1998 issuance of shares of stock of PPG by

4    ACKLEY and SMITH was not qualified, nor was there any attempt to seek an exemption from

5    the obligation of the issuer to qualify the issuance of shares. On information and belief, Plaintiffs

6    allege that this constitutes a violation of Section 25130 of the California Corporate Securities Act

7    of 1968, which states that it is unlawful to offer or sell any security in California unless such sale

8    has been qualified or is exempt from the obligation to qualify. On information and belief,

9    Plaintiffs allege that the records of the Securities and Exchange Commission indicate that no

10   record exists of PPG or ACKLEY or SMITH having registered the 1998 offering of stock, nor did

11   any evidence exist of the filing of a notice of exemption. On information and belief, Plaintiffs

12   allege that under Section 5 of the 1933 Act, 15 U.S.C. Section 77e, all offers and sales of

13   securities must be registered or exempt from registration, and as such the 1998 sale was in

14   violation of Section 5 of the 1933 Act.

15       17.    The shares conveyed to Plaintiffs in 1998 were owned as community property by

16   Plaintiffs, and on information and belief Plaintiffs allege this ownership entitled Plaintiff

17   CHRISTOPHER WUTHMANN to a 10% distribution of the after-tax profits of PPG; Plaintiffs

18   thus owned as community property 10% of the equity in PPG. On information and belief,

19   Plaintiffs allege that they were never issued share certificates as a result of the First 10%

20   transaction. On information and belief, Plaintiffs allege that as a result of this transaction

21   ACKLEY and SMITH each owned 45% of the equity of PPG.

22       18.    On information and belief, Plaintiffs allege that, following their acquisition of the

23   First 10%, in addition to developing real estate projects in its own name, PPG set up a number of

24   limited liability companies (LLC's) to develop various projects. On information and belief,

25   Plaintiffs allege that the ownership of these LLC's always reflected the ratio of share ownership

26   of PPG. On information and belief, Plaintiffs allege that ACKLEY and SMITH also set up other

27   LLC's to provide debt financing and other services ("Special Purpose LLC's") to PPG and the

28   LLC's set up to develop projects; these Special Purpose LLC's were often not owned in the same

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/191537.1/THC                        - 5 -                    COMPLAINT FOR DAMAGES AND
                                                               RESTITUTION AND
                                                               DEMAND FOR A JURY TRIAL

1   ratio as the share ownership of PPG, although Plaintiff CHRISTOPHER WUTHMANN as well

2   as ACKLEY and SMITH each had some ownership interest in these Special Purpose LLC's.

3   <u>The Parties' Roles and Responsibilities at PPG</u>

4         19.    On information and belief, Plaintiffs allege that at all times during

5   CHRISTOPHER WUTHMANN's tenure at PPG, the two majority shareholders, ACKLEY and

6   SMITH, managed and controlled the company.

7         20.    On information and belief, Plaintiffs allege that although CHRISTOPHER

8   WUTHMANN was kept apprised of the broad parameters of specific major investments

9   contemplated by PPG, such as what a proposed project would return, what it would cost, how

10   long the construction phase would last, what investment of time and management skills would be

11   involved, the decisions on the projects by and large were made and determined according to the

12   interests of ACKLEY and SMITH.  On information and belief, Plaintiffs allege that

13   CHRISTOPHER WUTHMANN's assent to these projects was, thus, pro forma and not solicited

14   or obtained as a co-manager or co-equal principal; in short, his participation on a managerial level

15   was consistent with his status as a minority shareholder.

16         21.    On information and belief, Plaintiffs allege that during this period defendant

17   MaryAn Ackley served as an accountant for PPG.  On information and belief, Plaintiffs allege

18   that to the extent a question arose as to the company's financial position, CHRISTOPHER

19   WUTHMANN, along with Stephen Ackley and Bradley Smith, relied on MaryAn Ackley to

20   provide reliable and accurate financial summaries, opinions, and advice.

21         22.    In contrast to the management roles played by Stephen Ackley and Bradley Smith,

22   CHRISTOPHER WUTHMANN took the field coordinator role in developing large commercial

23   projects built by the company between 1998 and 2005.  By way of example only, one of the

24   projects CHRISTOPHER WUTHMANN helped to manage was called Pacific Hacienda.

25   CHRISTOPHER WUTHMANN negotiated the purchase of the three relevant parcels, secured the

26   financing for construction, obtained the appropriate local governmental approvals, oversaw the

27   preparation of the environmental impact report, worked with the architects on the design of the

28   buildings and related features, hired the general contractor, assisted with the leasing of rental

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

COMPLAINT FOR DAMAGES AND
RESTITUTION AND
DEMAND FOR A JURY TRIAL

1  space once the buildings were completed, and helped with the sale of the condominium offices.

2      23.    On information and belief, Plaintiffs allege that as a result of this division of labor,

3  CHRISTOPHER WUTHMANN was not informed of the financial performance of the company

4  on a regular basis. On information and belief, Plaintiffs allege that notwithstanding his position

5  as Secretary of PPG, CHRISTOPHER WUTHMANN received reports on PPG's income

6  statement and balance sheet only twice a year. On information and belief, Plaintiffs allege that

7  CHRISTOPHER WUTHMANN received a K-1 every year showing his allocation of income for

8  tax purposes. On information and belief, Plaintiffs allege that twice a year, in December and

9  July, an informal estimate of PPG and LLC profitability was prepared by the company controller,

10  Sherry Dumont. On information and belief, Plaintiffs allege that the version presented in July

11  was usually understood to be highly provisional; the information presented in December along

12  with the provisional draft financials for PPG and the LLC's was offered for use in estimating

13  individual tax liability. On information and belief, Plaintiffs allege that other than this limited

14  summary information, CHRISTOPHER WUTHMANN did not receive any detailed information

15  about PPG's profitability at any time.

16  Christopher Wuthmann Purchases Another 10% Interest in PPG

17      24.    Plaintiff CHRISTOPHER WUTHMANN continued to bring value and benefits to

18  ACKLEY and SMITH and PPG, and as such in December, 2000 ACKLEY and SMITH sold to

19  Plaintiff CHRISTOPHER WUTHMANN an additional 10% of the equity in PPG from their

20  personal holdings (the "Second 10%"). See Exhibits "C" and "D" for a copy of the 2000

21  Restricted Stock Purchase Agreements involving Defendants Stephen and MaryAn Ackley and

22  Bradley Smith and Joyce Smith, as sellers, and Plaintiffs as buyers. On information and belief,

23  Plaintiffs allege that stated in general terms the purchase price was to be based on a rolling three-

24  year average of PPG's economic performance. A calculation of the result of this formula using

25  data supplied by ACKLEY and SMITH, as described herein, is set forth in Exhibit "E".

26      25.    On information and belief, Plaintiffs allege that in the course of negotiating this

27  additional purchase of equity in PPG, ACKLEY and SMITH made telephone calls, sent mail, sent

28  e-mail messages, and made verbal statements to Plaintiff CHRISTOPHER WUTHMANN

SF/191537.1/THC - 7 - COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

1   pertaining to the purchase of the Second 10% and the alleged price thereof.

2   26. On information and belief, Plaintiffs allege that the records of the Office of the

3 California Department of Corporations show that the 2000 issuance of shares of stock of PPG by

4 ACKLEY and SMITH was not qualified, nor was there any attempt to seek an exemption from

5 the obligation of the issuer to qualify the issuance of shares by ACKLEY and SMITH. On

6 information and belief, Plaintiffs allege that this constitutes a violation of Section 25130 of the

7 California Corporate Securities Act of 1968, which states that it is unlawful to offer or sell any

8 security in California unless such sale has been qualified or is exempt from qualification. On

9 information and belief, Plaintiffs allege that the records of the Securities and Exchange

10 Commission indicate that no record exists of either PPG or ACKLEY or SMITH registering the

11 2000 offering of stock, nor is there any evidence of the filing of a notice of exemption. On

12 information and belief, Plaintiffs allege that under Section 5 of the 1933 Act, 15 U.S.C. § 77e, all

13 offers and sales of securities must be registered or exempt from registration, and as such the 2000

14 sale was in violation of Section 5 of the 1933 Act.

15   27. Thus, as a result of this equity purchase in 2000, Plaintiffs owned as community

16 property 20% of the equity in PPG; on information and belief, Plaintiffs allege that thereafter

17 ACKLEY and SMITH each owned 40%. On information and belief, Plaintiffs allege that as a

18 result of the 2000 sale Plaintiff CHRISTOPHER WUTHMANN was entitled to a distribution of

19 20% of the after-tax profits of PPG. On information and belief, Plaintiffs allege that PPG

20 continued also to develop projects itself, and to set up LLC's to develop various projects. On

21 information and belief, Plaintiffs allege that the ownership of these project development LLC's

22 once again reflected the ratio of share ownership of PPG.

23   28. On information and belief, Plaintiffs allege that at no time did ACKLEY and

24 SMITH disclose to Plaintiffs that the equity shares sold to Plaintiffs were not qualified or exempt

25 from qualification pursuant to California securities law and were also not registered or exempt

26 from registration under Federal securities law.

27 Misrepresentation of Purchase Price for the Second 10%

28   29. On information and belief, Plaintiffs allege that at the time that the purchase of the

SF/191537.1/THC - 8 - COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   Second 10% was negotiated, Stephen Ackley, Bradley Smith, and CHRISTOPHER

2   WUTHMANN agreed that there was some unfairness to creating a fixed price for the shares in

3   PPG because the fortunes of the company, and thus the return on investment, could fluctuate. On

4   information and belief, Plaintiffs allege that to address this issue the parties negotiated a purchase

5   formula rather than a fixed purchase price. See Paragraph A.2. of the agreements set forth as

6   Exhibits "C" and "D" hereto. On information and belief, Plaintiffs allege that this purchase price

7   formula relied upon a three-year average of PPG's economic performance.

8   30.   On information and belief, Plaintiffs allege that at no time during 2003 did

9   ACKLEY and SMITH, who had sole access to the figures called for in the purchase price, inform

10  Plaintiffs what the recalculated purchase price of the Second 10% was, as required under the

11  terms of the agreements set forth in Exhibit "C" and "D".

12  31.   On information and belief, Plaintiffs allege that they made payments on the

13  purchase of the Second 10% on the dates and in the amounts noted herein:

14        a.   December 22, 2000:   $200,000.

15        b.   July 27, 2001:        $30,000.

16        c.   August 17, 2001:      $30,000.

17        d.   December 31, 2001:   $175,000.

18  32.   On information and belief, Plaintiffs allege that each receipt of the moneys set

19  forth in Paragraph 31, combined with the failure of ACKLEY and SMITH, upon each receipt, to

20  inform Plaintiffs of the true and correct purchase price of the Second 10%, constituted a separate

21  and independent fraud and deceit committed upon Plaintiffs.

22  33.   On information and belief, Plaintiffs allege that to this date Plaintiffs have not

23  received any share certificates related to the purchase of the Second 10%, nor have Plaintiffs

24  made payments to ACKLEY and SMITH that would constitute a total payment for the Second

25  10% based upon the numerous and independent false and fraudulent representations and deceits

26  as to the purchase price made by ACKLEY and SMITH, as noted herein. On information and

27  belief, Plaintiffs allege that the transaction involving the Second 10% is not complete, and thus

28  the transaction is ongoing, because the terms and conditions precedent to taking ownership of the

SF/191537.1/THC                          - 9 -                    COMPLAINT FOR DAMAGES AND
                                                                        RESTITUTION AND
                                                                  DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    Second 10%, as set forth in Exhibits "C" and "D", Paragraph A.3., have not been completed.

2        34.    CHRISTOPHER WUTHMANN's reliance upon each of the independent

3    fraudulent representations and deceits by ACKLEY and SMITH was reasonable given the

4    aforementioned division of responsibilities for management of the company and their higher

5    access to company financial data. As a result of this reasonable reliance, CHRISTOPHER

6    WUTHMANN failed to question the company's failure to provide a recalculation of the purchase

7    price annually as called for in Paragraph A.2. of the agreements set forth in Exhibits "C" and "D",

8    and instead continued to make large, regular, lump sum payments at every opportunity to pay

9    down what he was informed and understood was a large indebtedness of $1.2 million for his

10   purchase of the Second 10%.

11       35.    On information and belief, Plaintiffs allege that, in fact, each of the independent

12   representations of and deceits about the purchase price by ACKLEY and SMITH was totally false

13   and fraudulent, a fact known to ACKLEY and SMITH. Using data provided by ACKLEY and

14   SMITH during severance negotiations in 2005, as noted more fully below, the formula in the

15   contract for the Second 10% produces a sales price of $12,186. See Exhibit "E" hereto for a

16   calculation of the purchase price using data provided by ACKLEY and SMITH in the summer of

17   2005 and calculated pursuant to the formula set forth in the contracts attached in Exhibits "C" and

18   "D".

19       36.    As noted, in reliance on what they believed was the good faith and fair dealing of

20   ACKLEY and SMITH, Plaintiffs caused to be paid to ACKLEY and SMITH a total of $405,000.

21   In fact, Plaintiffs are owed a refund for the overpayment of $392,814 since the purchase price

22   under the contract was $12,186, not the $1.2 million as ACKLEY and SMITH alleged through a

23   series of separate and independent frauds and deceits upon Plaintiffs.

24       37.    On information and belief, Plaintiffs allege that ACKLEY and SMITH have

25   conveyed misleading and fraudulent information, and information in support of their various and

26   independent frauds and deceits, through the use of telephone calls, mail, e-mails, and verbal

27   statements made to Plaintiffs.

28       38.    On information and belief, Plaintiffs allege that ACKLEY and SMITH have used

SF/191537.1/THC                                  - 10 -                     COMPLAINT FOR DAMAGES AND
                                                                            RESTITUTION AND
                                                                            DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    widely divergence schemes for the valuation of the equities sold to Plaintiffs.

2              a.   In the 1998 sale, the value of the stock was determined by a fixed amount

3                   set forth in the purchase agreement. See Exhibits "A" and "B", Section

4                   A.1. of these agreement.

5              b.   In the 2000 sale, the value of the stock was determined by a formula

6                   contained in the purchase agreement. See Exhibits "C" and "D", Section

7                   A.2. of these agreement.

8              c.   In loan applications made to various financial institutions, ACKLEY and

9                   SMITH asserted that each 10% of the equity of PPG was worth $1 million,

10                  thus valuing the shares of Plaintiffs at $2 million. ACKLEY and SMITH

11                  are estopped to deny that the shares of PPG have at least this value since

12                  otherwise their representations to the financial institutions would be a

13                  crime pursuant to 18 U.S.C. § 1014.

14   39.    On information and belief, Plaintiffs allege that the three methods described

15   hereinabove in Paragraph 38 are each different and inconsistent one from the other, and that this

16   difference and inconsistency causes there to be a material misstatement of fact whenever the

17   value of the equity at issue herein is described. On information and belief, Plaintiffs allege that

18   this difference and inconsistency is material and supports rescission, as sought herein, since there

19   was never a meeting of the minds on the issue of valuation.

20   Issuance of Notes Plus Equity Creates A Continuous Offering from 1998 to 2005

21   40.    On information and belief, Plaintiffs allege that the issuance of the PPG shares and

22   the "demand notes" described herein are part of single plan of financing which constitutes an

23   integrated offering not exempt from qualification or registration under applicable State or Federal

24   securities law.

25   41.    As set forth in the Eleventh Cause of Action herein, Plaintiffs did provide to PPG

26   or its wholly owned and controlled affiliated entity WHITEHAWK L.L.C. moneys from August,

27   2002 through October, 2005. These moneys totaled $839,239.31.

28   42.    On information and belief, Plaintiffs allege that in return for the moneys provided

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  to PPG and WHITEHAWK L.L.C. Plaintiffs received what purported to be "demand notes" or, in

2  the case of the two loans made in October, 2005, the promise of "demand notes" in their usual

3  form and terms.

4  43.    On information and belief, Plaintiffs allege that the so-called "demand notes" are

5  securities within the meaning of § 25109 Corporations Code and 15 U.S.C. § 77(b)(1).

6  44.    On information and belief, Plaintiffs allege that in the course of discussing the

7  demand notes, ACKLEY and SMITH made telephone calls, sent mail, sent e-mail messages, and

8  made verbal statements to Plaintiff CHRISTOPHER WUTHMANN pertaining to the notes and

9  the alleged terms thereof.

10  45.    On information and belief, Plaintiffs allege that the records at the Office of the

11  California Department of Corporations show that none of the issuance of the "demand notes" of

12  PPG and WHITEHAWK L.L.C. set forth in the Eleventh Cause of Action herein were qualified,

13  nor was there any attempt to seek an exemption from the obligation of the issuer to qualify the

14  issuance of "demand notes". On information and belief, Plaintiffs allege that this constitutes a

15  violation of Section 25110 of the California Corporate Securities Act of 1968, which states that it

16  is unlawful to offer or sell any security in California unless such sale has been qualified or exempt

17  from qualification. On information and belief, Plaintiffs allege that the records of the Securities

18  and Exchange Commission indicate that no record exists of PPG or WHITEHAWK L.L.C.

19  having registered the offering of any of the "demand notes", nor is there any evidence of a filing

20  of a notice of exemption. On information and belief, Plaintiffs allege that under Section 5 of the

21  1933 Act, 15 U.S.C. Section 77e, all offers and sales of the "demand notes" must be registered or

22  exempt from registration.

23  46.    On information and belief, Plaintiffs allege that at no time that any of the "demand

24  notes" were provided to Plaintiffs nor thereafter were the Plaintiffs provided with that financial

25  information regarding PPG and WHITEHAWK L.L.C. mandated by State and Federal law, the

26  true value of the equity securities of PPG and thus the true value of the "demand notes" issued,

27  nor the possibility that the interest rate stated in said "demand notes" was usurious, thereby

28  making a determination of return on investment difficult, impossible, or illusory.

- 12 -                                    COMPLAINT FOR DAMAGES AND
                                                                                                 RESTITUTION AND
                                                                                                 DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    Termination of Christopher Wuthmann's Employment with PPG

2    47.     On information and belief, Plaintiffs allege that in comparison to fiscal year 2000,

3    which was highly profitable, fiscal years 2001, 2002, 2003, 2004, and 2005 were not as

4    financially rewarding for PPG or the LLC's in terms of after-tax profits.

5    48.     On information and belief, Plaintiffs allege that in 2005, ACKLEY and SMITH

6    realized that the many projects under development, near completion, coming onto market, or

7    likely soon to be sold would produce in the post-2005 time period very substantial returns for

8    PPG and the LLC's in which ACKLEY, SMITH, and the Plaintiffs were invested. On

9    information and belief, Plaintiffs allege that out of avarice, covetousness, and greed, ACKLEY

10   and SMITH willfully and intentionally conspired, planned, and decided to terminate Plaintiff

11   CHRISTOPHER WUTHMANN from his employment with PPG in order to convert, acquire,

12   annex and obtain those moneys and that cashflow that would otherwise have gone to Plaintiffs

13   because of their ownership interest in PPG and various LLC's. On information and belief,

14   Plaintiffs allege that not satisfied with the likelihood that they, ACKLEY and SMITH, would

15   make many millions of dollars of company profit, ACKLEY and SMITH conspired and acted to

16   deprive Plaintiff CHRISTOPHER WUTHMANN of his share of the return. On information and

17   belief, Plaintiffs allege that at the first hint that PPG was returning to a period of significant

18   returns, ACKLEY and SMITH took steps to cut out Plaintiff CHRISTOPHER WUTHMANN.

19   49.     On information and belief, Plaintiffs allege that in July 2005 Defendants Stephen

20   Ackley and Bradley Smith undertook, with the knowledge, affirmation, support, and concurrence

21   of their spouses, to inform Plaintiff CHRISTOPHER WUTHMANN that they wished to

22   terminate his existing employment and association with PPG. On information and belief,

23   Plaintiffs allege that the applicable contract between the parties requires Plaintiffs to sell all of

24   their PPG shares to ACKLEY and SMITH upon termination of Plaintiff CHRISTOPHER

25   WUTHMANN's employment with the company. See Exhibit "H". Accordingly, on information

26   and belief, Plaintiffs allege that ACKLEY and SMITH knew and intended that such a termination

27   would garner unto themselves the benefits and cashflow that would otherwise go to Plaintiff

28   CHRISTOPHER WUTHMANN, and thus to both Plaintiffs. To "facilitate" this transition,

SF/191537.1/THC                                    - 13 -                      COMPLAINT FOR DAMAGES AND
                                                                               RESTITUTION AND
                                                                               DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  ACKLEY and SMITH presented to Plaintiff CHRISTOPHER WUTHMANN a "briefing book"
2  that allegedly contained all information that would be necessary for negotiation of Plaintiff
3  CHRISTOPHER WUTHMANN's separation from PPG.

4       50.     As part of their so-called severance discussions, Plaintiff CHRISTOPHER
5  WUTHMANN met with Stephen Ackley and/or Bradley Smith to discuss terms and conditions
6  for his departure, the transition of his responsibilities, and the financial deposition of his existing
7  interests in PPG and the various LLC's in which CHRISTOPHER WUTHMANN had an interest.
8  There were a number of meetings over several months.

9       51.     On information and belief, Plaintiffs allege that in the guise of negotiating a
10  severance package, Defendants Stephen Ackley and Bradley Smith, with the knowledge,
11  affirmation, support, and concurrence of their spouses, discussed various options and
12  arrangements with Plaintiff CHRISTOPHER WUTHMANN. On information and belief,
13  Plaintiffs allege that as part of their negotiating strategy and to put pressure upon Plaintiff
14  CHRISTOPHER WUTHMANN, ACKLEY and SMITH reiterated over and over again that the
15  purchase price of the Second 10% of the shares was $1.2 million. Defendants Stephen Ackley
16  and Bradley Smith also repeatedly conveyed during these negotiations that the amount still owed
17  by Plaintiffs on the purchase of the Second 10% was in excess of $1.1 million in principal and
18  interest. On information and belief, Plaintiffs allege that this representation at this time was a
19  new and independent fraud since it was made in a written form in a "briefing book" given to
20  Plaintiff CHRISTOPHER WUTHMANN that allegedly showed various financial "facts" about
21  PPG and the LLC's and was made for the purpose of defrauding Plaintiffs out of their shares in
22  PPG and their interests in the various LLC's. In fact, the briefing book provided absolutely no
23  back-up for the $1.2 million purchase figure for the Second 10%, but simply set out the figure as
24  though it were a truism. On information and belief, Plaintiffs allege that ACKLEY and SMITH
25  did not set out any back-up or calculation because they knew at that time that the formula
26  contained in the 2000 agreements would result in a purchase price calculation of $12,186, as is set
27  forth in Exhibit "E".

28       52.     On information and belief, Plaintiffs allege that ACKLEY and SMITH intended

SF/191537.1/THC                          - 14 -                   COMPLAINT FOR DAMAGES AND
                                                                   RESTITUTION AND
                                                                   DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   that this allegedly unpaid principal and interest (an amount in excess of $1.1 million) for the

2   Second 10% would be used as leverage to cause Plaintiff CHRISTOPHER WUTHMANN to

3   surrender or lessen his interests in PPG and the various project LLC's, and to have no opportunity

4   to participate in future project LLC's and the after-tax income of PPG and the existing LLC's.

5   On information and belief, Plaintiffs allege that ACKLEY and SMITH knew at this time that in

6   fact such a representation about the purchase price of the Second 10% was false and fraudulent,

7   made such representation with the intent to deceive and mislead Plaintiffs, and intentionally and

8   knowingly withheld from Plaintiffs the true fact that the purchase price was $12,186 under the

9   terms of the 2000 Restricted Stock Purchase Agreement. See Exhibit "E".

10      53.      On information and belief, Plaintiffs allege that the strategy of ACKLEY and

11  SMITH was to produce a synoptic outline of a severance deal, and then to promise to produce

12  documents for Plaintiffs to review in short order. On information and belief, Plaintiffs allege that

13  in fact, ACKLEY and SMITH did not cause the documents to be produced in the time frame

14  promised, but only provided them shortly before the end of 2005. On information and belief,

15  Plaintiffs allege that ACKLEY and SMITH then pressured Plaintiff CHRISTOPHER

16  WUTHMANN to sign these agreements forthwith even though their tax implications were

17  unknown and, among other shortcomings, they contained a one-sided release and waiver by

18  Plaintiffs of any conceivable cause of action that Plaintiffs might have against ACKLEY and

19  SMITH for any wrongdoing of any type. On information and belief, Plaintiffs allege that the

20  presence of such an abusive and one-sided waiver demonstrated that ACKLEY and SMITH were

21  well aware of the fraud and other nefarious acts they had committed, and was an attempt by

22  ACKLEY and SMITH to insulate themselves from the wrongful acts, fraud, and deception they

23  had committed. Plaintiffs requested further documents for study (such as some of the relevant

24  documents needed to calculate the alleged values and nature of the deals proposed), and also

25  requested time to have the proposed agreements reviewed and to ascertain their tax implications.

26      54.      On information and belief, Plaintiffs allege that these actions, combined with the

27  false and fraudulent representations about the debt which Plaintiffs were alleged to still owe

28  pertaining to the purchase of the Second 10% (an amount that Defendants purported was in

SF/191537.1/THC                                  - 15 -                   COMPLAINT FOR DAMAGES AND
                                                                                  RESTITUTION AND
                                                                             DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  excess of $1.1 million), deprived Plaintiffs of their ability to bargain effectively in order to obtain
2  favorable terms in any severance package and to obtain fair value for their financial interest in
3  PPG and the LLC's.  As such, by way to example only, Plaintiffs were deprived of an opportunity
4  to obtain an expanded percentage of the profits from the Whitehawk development project or to
5  invest in a Redwood City joint venture project that was then being moved forward through the
6  ongoing efforts of Plaintiff CHRISTOPHER WUTHMANN, but which at that time did not have
7  all the final City approvals and financing necessary to move forward.

8      55.    On information and belief, Plaintiffs allege that as part of their scheme to make
9  certain that Plaintiffs did not comprehend the nature of the frauds being committed and to deprive
10  Plaintiff CHRISTOPHER WUTHMANN of his share of future income through PPG and the
11  various projects established as LLC's, ACKLEY and SMITH refused to provide Plaintiffs with a
12  reasonable time to evaluate the transactions and relevant documents.

13      56.    By correspondence dated December 27, 2005, ACKLEY and SMITH sent a letter
14  to CHRISTOPHER WUTHMANN terminating his employment with PPG.

15  Christopher Wuthmann's Rights and Obligations on Termination of Employment

16      57.    CHRISTOPHER WUTHMANN's separation from the company also entitles him
17  to benefits under a Salary Continuation agreement.  See Exhibit "G".  More specifically, the
18  Salary Continuation Agreement requires PPG to pay CHRISTOPHER WUTHMANN $125,000
19  per year, in monthly installments, beginning January 1, 2006 and continuing through December
20  31, 2013.  Although ACKLEY and SMITH have acknowledged in writing the validity of the
21  Salary Continuation Agreement, PPG has not yet commenced payment and is in default on that
22  obligation.

23      58.    As of the filing of this Complaint, Plaintiff CHRISTOPHER WUTHMANN is
24  appealing administratively the denial of the benefits of this Salary Continuation Agreement.
25  Once that process has been concluded, or is rendered futile, if Plaintiff CHRISTOPHER
26  WUTHMANN has not obtained the benefits to which he is entitled, then Plaintiff
27  CHRISTOPHER WUTHMANN will amend this complaint to include said ERISA violation.
28      59.    On information and belief, Plaintiffs allege that in furtherance of their scheme to

SF/191537.1/THC    - 16 -    COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    deprive Plaintiff CHRISTOPHER WUTHMANN of the benefits and cashflow of projects and

2    activities of PPG and the LLC's in which Stephen Ackley, Bradley Smith, and CHRISTOPHER

3    WUTHMANN have always invested in the past in proportion to their share interest in PPG,

4    ACKLEY and SMITH have misappropriated PPG corporate opportunities for themselves. On

5    information and belief, Plaintiffs allege that this misappropriation has utilized a variety of

6    schemes, including (but not limited to) using existing LLC's in which ACKLEY and/or SMITH

7    have an interest (but not Plaintiffs) to develop projects that are corporate opportunities of PPG,

8    and establishing new LLC's to develop projects that are corporate opportunities of PPG in which

9    ACKLEY and SMITH (but not Plaintiffs) have an interest.

10    **FIRST CAUSE OF ACTION**

11    (Violation of Section 10(b) of the 1934 Act and Rule 10b-5 Against ACKLEY and SMITH, PPG,

12    and WHITEHAWK L.L.C.)

13    60.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through -- of this

14    Complaint.

15    61.    ACKLEY and SMITH, PPG, and WHITEHAWK L.L.C. violated § 10(b) of the

16    1934 Act and Rule 10b-5 in that they:

17        a.    Employed devices, schemes and artifices to defraud,

18        b.    Made untrue statements of material facts and omitted to state material facts

19        necessary in order to make the statements made, in light of the

20        circumstances under which they were made, not misleading; or,

21        c.    Engaged in acts, practices, and a course of business that operated as a fraud

22        or deceit upon Plaintiffs in connection with their purchase of the equity

23        noted herein and with their obtaining of the "demand notes".

24    62.    Plaintiffs suffered damages in that, in reliance on the integrity of ACKLEY and

25    SMITH, they paid an inflated price for the equity shares noted. Plaintiffs would not have

26    purchased the equity at the price paid, or at all, if they had been aware that the price had been

27    artificially and falsely inflated by ACKLEY's and SMITH's misleading statements. Further,

28    Plaintiffs suffered damages in that they were deceived as to the value of the "demand notes".

SF/191537.1/THC      - 17 -      COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

1   Plaintiffs would not have purchased the equity at the price paid, or at all, nor taken the "demand

2   notes", if they had been aware that the price had been artificially and falsely inflated by

3   ACKLEY's and SMITH's misleading statements and that the value of the "demand notes" was

4   not as represented to be.

5       63.     Plaintiffs suffered damages in that, in reliance on the integrity of ACKLEY and

6   SMITH and PPG and WHITEHAWK L.L.C., they purchased the equity shares noted and

7   obtained the "demand notes" without being aware that the shares and "demand notes" were not

8   qualified or exempt from qualification under California law and were neither registered nor

9   exempt from registration under Federal law.  Plaintiffs would not have purchased the equity at all

10  if they had been aware that the shares were not legally issued and not lawfully available for resale

11  by ACKLEY and SMITH.  Plaintiffs would not have accepted the "demand notes" if they had

12  been aware that the "demand notes" were not legally issued by PPG and WHITEHAWK L.L.C.

13      64.     As a direct and proximate result of ACKLEY's and SMITH's wrongful conduct,

14  and the wrongful conduct of PPG and WHITEHAWK L.L.C., Plaintiffs suffered damages in

15  connection with their purchase of the shares.

16          a.   Plaintiffs have over-paid for the Second 10% as noted herein, and are

17               therefore entitled to reimbursement of not less than \$392,814, with interest

18               thereon.

19          b.   As a separate and independent basis for damages, Plaintiffs have been

20               deprived of the benefit of the bargain in the amount of the difference

21               between the cost of the shares under the 2000 agreements (see Exhibit "E")

22               and the value that the shares were alleged to have had in filings made by

23               ACKLEY and SMITH in seeking loans from banks (\$1 million), to wit,

24               \$987,184.

25          c.   Plaintiffs accepted legally invalid "demand notes" and thus have been

26               deprived of the benefit of the bargain in the amount of the principal

27               (\$713,639.31) plus their stated rate of interest.

28                              **SECOND CAUSE OF ACTION**

SF/191537.1/THC                          - 18 -                    COMPLAINT FOR DAMAGES AND
                                                                   RESTITUTION AND
                                                                   DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    (Violation of Section 12(a) of the 1933 Act, 15 U.S.C. § 77l, Against ACKLEY and SMITH and

2                     PPG and WHITEHAWK L.L.C.)

3       65.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

4   Complaint.

5       66.    ACKLEY and SMITH and PPG and WHITEHAWK L.L.C. violated 15 U.S.C. §

6   77l in that they:

7            a.    Offered to sell a security by oral communication; and,

8            b.    Made untrue statements of material facts and omitted to state material facts

9   necessary in order to make the statements made, in light of the circumstances under which they

10   were made, not misleading.

11       67.    Plaintiffs suffered damages in that, in reliance on the integrity of ACKLEY and

12   SMITH, they paid an inflated price for the equity shares noted. Plaintiffs suffered damages in

13   that, in reliance on the allegedly proper conduct of PPG and WHITEHAWK L.L.C. in issuing the

14   "demand notes", they accepted notes that were not valid and were of questionable value.

15       68.    As a direct and proximate result of ACKLEY's and SMITH's wrongful conduct,

16   Plaintiffs are entitled to restitution of the moneys paid for the Second 10% to ACKLEY and

17   SMITH in the amount of $405,000, with interest thereon. As a direct and proximate result of

18   PPG's and WHITEHAWK L.L.C.'s wrongful conduct, Plaintiffs are entitled to restitution of the

19   moneys "lent" ($713,639.31), with interest thereon.

20                        **THIRD CAUSE OF ACTION**

21      (Cause of Action for Damages for Securities Transaction Made Through Material

22     Misrepresentation and Deceit Against ACKLEY and SMITH and PPG and WHITEHAWK

23                L.L.C.: § 25401 Corporations Code)

24       69.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

25   Complaint.

26       70.    As noted herein, in 2000 ACKLEY and SMITH each offered and sold to Plaintiffs

27   5% of the shares outstanding in PPG. They alleged that the price was $1.2 million, whereas in

28   reality under the contract formula the price was $12,186. See Exhibit "E" hereto.

SF/191537.1/THC                     - 19 -                      COMPLAINT FOR DAMAGES AND
                                                          RESTITUTION AND
                                         DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    71.    The transaction was by means of a written contract. See Exhibits "C" and "D"

2    hereto. The contract did not include the purchase price, but did include a formula for calculating

3    the purchase price. Plaintiffs were only informed later as to what the purchase price calculation

4    allegedly produced, to wit, $1.2 million. The representation was untrue. See Exhibit "E" hereto.

5    72.    As part of their scheme, ACKLEY and SMITH and PPG and WHITEHAWK

6    L.L.C. never disclosed to Plaintiffs that the securities had never been qualified or exempt from

7    qualification and were not legal for sale under the applicable provisions of either State or Federal

8    law.

9    73.    As a result of ACKLEY's and SMITH's and PPG's and WHITEHAWK L.L.C.'s

10   material misrepresentation as alleged herein, ACKLEY and SMITH and PPG and WHITEHAWK

11   L.L.C. are liable to Plaintiffs, who are entitled, in lieu of rescission, to sue for damages as a result

12   of ACKLEY's and SMITH's and PPG's and WHITEHAWK L.L.C.'s material misrepresentations

13   and deceits.

14   74.    As a direct and proximate result of ACKLEY's and SMITH's wrongful conduct,

15   Plaintiffs suffered damages in connection with their purchase of the shares.

16          a.    Plaintiffs have over-paid as noted herein, and are therefore entitled to

17                reimbursement of not less than $392,814, with interest thereon.

18          b.    As a separate and independent basis for damages, Plaintiffs have been

19                deprived of the benefit of the bargain in the amount of the difference

20                between the cost of the shares under the 2000 agreements (see Exhibit "E")

21                and the value that the shares were alleged to have had in filings made by

22                ACKLEY and SMITH in seeking loans from banks ($1 million), to wit,

23                $987,184.

24          c.    Plaintiffs accepted legally invalid "demand notes" and thus have been

25                deprived of the benefit of the bargain in the amount of the principal

26                ($713,639.31) plus their stated rate of interest.

27                        **FOURTH CAUSE OF ACTION**

28   (Cause of Action for Rescission of Sale of Securities Not Qualified for Sale and for Restitution of

SF/191537.1/THC                          - 20 -                    COMPLAINT FOR DAMAGES AND
                                                                   RESTITUTION AND
                                                                   DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  Consideration Paid Against ACKLEY and SMITH and PPG and WHITEHAWK L.L.C.: § 25503
2                                    Corporations Code)

3      75.     Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this
4  Complaint.

5      76.     As noted herein, ACKLEY and SMITH offered and sold to Plaintiffs 5% each of
6  the shares outstanding in PPG. On information and belief, Plaintiffs allege that ACKLEY and
7  SMITH were shareholders of PPG engaged in the secondary trading of the shares. As noted
8  herein, PPG and WHITEHAWK L.L.C. offered and issued to Plaintiffs "demand notes".

9      77.     The transaction regarding the Second 10% was by means of a written contract.
10  See Exhibits "C" and "D" hereto.

11      78.     On information and belief, Plaintiffs allege that the sale of the Second 10% was a
12  non-issuer transaction in that it was not directly or indirectly consummated for the benefit of the
13  issuer of the securities, and no portion of the purchase price was received by the issuer in any
14  fashion. On information and belief, Plaintiffs allege that at the time of the Plaintiffs' acquisition
15  the sale was subject to qualification, was not exempt from qualification, and was not and to the
16  date of this Complaint has not been qualified as any kind of securities transaction with the
17  Commissioner of Corporations.

18      79.     On information and belief, Plaintiffs allege that at the time of the Plaintiffs'
19  acquisition of the "demand notes" the notes were subject to qualification, were not exempt from
20  qualification, and were not and to the date of this Complaint have not been qualified as any kind
21  of securities transaction with the Commissioner of Corporations.

22      80.     As a result of ACKLEY's and SMITH's and PPG's and WHITEHAWK L.L.C.'s
23  described acts as alleged herein, ACKLEY and SMITH and PPG and WHITEHAWK L.L.C. are
24  liable to Plaintiffs, who are entitled, and hereby do, rescind the above-described purchases.
25  Plaintiffs will tender before entry of judgment to ACKLEY and SMITH and to PPG and
26  WHITEHAWK L.L.C., respectively, the Second 10% which were purchased from ACKLEY and
27  SMITH in December 2000 and the "demand notes" that were issued to Plaintiffs, as noted herein.
28      81.     As a result of the acts of ACKLEY and SMITH, Plaintiffs seek restitution of the

SF/191537.1/THC                          - 21 -              COMPLAINT FOR DAMAGES AND
                                                                  RESTITUTION AND
                                                            DEMAND FOR A JURY TRIAL

1    $405,000 paid to ACKLEY and SMITH for the Second 10%, as noted herein, with interest

2    thereon. As a result of the acts of PPG and WHITEHAWK L.L.C., Plaintiffs seek restitution of

3    the $713,639.31 paid to PPG and WHITEHAWK L.L.C. for the "demand notes", as noted herein,

4    with interest thereon.

5                             **FIFTH CAUSE OF ACTION**

6                      (Breach of Fiduciary Duty Against The Defendants)

7        82.     Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

8    Complaint.

9        83.     On information and belief, Plaintiffs allege that at all times relevant Defendants

10    Stephen Ackley and Bradley Smith were the President and Chairman of PPG and directors of

11    PPG. On information and belief, Plaintiffs allege that at all times relevant PPG was a corporation

12    organized and existing under the General Corporation Law of California. As such, at all times

13    relevant, Stephen Ackley and Bradley Smith owed Plaintiffs a fiduciary duty.

14        84.     On information and belief, Plaintiffs allege that ACKLEY and SMITH own a

15    dominant and controlling interest in PPG in that each currently owns, respectively, 40% of the

16    equity of PPG. As such, at all times relevant, Stephen Ackley and Bradley Smith owed Plaintiffs

17    a fiduciary duty.

18        85.     On information and belief, Plaintiffs allege that Defendants Stephen Ackley and

19    Bradley Smith, as noted herein, have utilized their positions as corporate officers and directors to

20    further their private interests at the expense of the Plaintiffs. On information and belief, Plaintiffs

21    allege that Defendants ACKLEY and SMITH have utilized their positions as majority

22    shareholders to further their private interests at the expense of the minority shareholders (the

23    Plaintiffs). On information and belief, Plaintiffs allege that they have taken intentional and

24    deliberate steps to deprive Plaintiffs of the benefits that would flow to Plaintiffs in the years

25    following 2005 in order to acquire, obtain, and convert said benefits to their own private gain.

26        86.     On information and belief, Plaintiffs allege that Defendants Stephen Ackley and

27    Bradley Smith, as noted herein, have utilized their positions as corporate officers and directors to

28    mislead and defraud Plaintiffs as to the true and accurate purchase price of the Second 10% that

SF/191537.1/THC               - 22 -              COMPLAINT FOR DAMAGES AND
                                                      RESTITUTION AND
                                          DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1      Plaintiffs are purchasing from the personal accounts of ACKLEY and SMITH. On information

2      and belief, Plaintiffs allege that Defendants ACKLEY and SMITH have utilized their positions as

3      majority shareholders to mislead and defraud Plaintiffs as to the true and accurate purchase price

4      of the Second 10% that Plaintiffs are purchasing from the personal accounts of ACKLEY and

5      SMITH.

6      87.      On information and belief, Plaintiffs allege that Defendants Stephen Ackley and

7      Bradley Smith, as noted herein, have utilized their positions as corporate officers and directors to

8      convert corporate opportunities to their own private gain. On information and belief, Plaintiffs

9      allege that Defendants ACKLEY and SMITH have utilized their positions as majority

10      shareholders to convert corporate opportunities to their own private gain.

11      88.      On information and belief, Plaintiffs allege that Defendants Stephen Ackley and

12      Bradley Smith, as noted herein, have utilized their positions as corporate officers and directors to

13      defraud Plaintiffs by failing to provide those disclosures and information required by Federal and

14      State law relative to the PPG stock sold to Plaintiffs. On information and belief, Plaintiffs allege

15      that Defendants ACKLEY and SMITH have utilized their positions as majority shareholders to

16      defraud Plaintiffs by failing to provide those disclosures and information required by Federal and

17      State law relative to the PPG stock sold to Plaintiffs.

18      89.      On information and belief, Plaintiffs allege that at no time did Defendants Stephen

19      Ackley and Bradley Smith, nor majority shareholders ACKLEY and SMITH, disclose to PPG's

20      other shareholders (the Plaintiffs) the nature of those actions noted herein in Paragraphs 85

21      through 88, and obtain thereby the approval in good faith of the disinterested shareholders, as

22      defined by Section 153 Corporations Code.

23      90.      On information and belief, Plaintiffs allege that in acting as described above,

24      neither Defendants Stephen Ackley and Bradley Smith, nor majority shareholders ACKLEY and

25      SMITH, acted with the care required of directors and majority shareholders, respectively. On

26      information and belief, Plaintiffs allege that in acting as described above, Defendants Stephen

27      Ackley and Bradley Smith, and majority shareholders ACKLEY and SMITH, did breach their

28      fiduciary duty to Plaintiffs.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    91.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

2    and shareholders ACKLEY and SMITH the Plaintiffs have been damaged in a sum to be

3    determined at trial, but in an amount not less than $1 million.

4    92.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

5    and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

6    of $5 million for depriving Plaintiffs of the future cashflow and benefits to which they would

7    have been entitled had not Defendants defrauded and cheated Plaintiffs, abused and breached

8    their fiduciary duties to Plaintiffs, and terminated Plaintiff CHRISTOPHER WUTHMANN in

9    bad faith.

10    93.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

11    and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

12    of $ 3 million for depriving Plaintiffs of their ability to bargain for severance benefits had not

13    Defendants defrauded and cheated Plaintiffs, and abused and breached their fiduciary duties to

14    Plaintiffs, by claiming that Plaintiffs owed ACKLEY and SMITH in excess of $1.1 million in

15    principal and interest on the purchase of the Second 10%.

16    94.    On information and belief, Plaintiffs allege that the aforementioned conduct of

17    ACKLEY and SMITH involved intentional misrepresentation; willful deceit; knowing and

18    intentional concealment of material facts known to the Defendants; and, knowing and willful

19    exploitation of their fiduciary relationship with Plaintiffs with the intent on the part of the

20    Defendants to thereby deprive Plaintiffs of property and legal rights or to otherwise cause injury,

21    and was despicable conduct and subjected Plaintiffs to cruel and unjust hardships in conscious

22    disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

23    **SIXTH CAUSE OF ACTION**

24    (Breach of Stock Purchase Contract Against ACKLEY and SMITH)

25    95.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

26    Complaint.

27    96.    On or about December, 2000 at Menlo Park, California, Plaintiffs and Defendants

28    ACKLEY entered into a written agreement, a copy of which is attached hereto as Exhibits "C"

SF/191537.1/THC                                    - 24 -                      COMPLAINT FOR DAMAGES AND
                                                                              RESTITUTION AND
                                                                              DEMAND FOR A JURY TRIAL

1    and made a part of this Complaint. On information and belief, Plaintiffs allege that this written

2    agreement was drafted by Defendants ACKLEY or those acting on behalf of ACKLEY.

3    97.    On or about December, 2000 at Menlo Park, California, Plaintiffs and Defendants

4    SMITH entered into a written agreement, a copy of which is attached hereto as Exhibit "D" and

5    made a part of this Complaint. On information and belief, Plaintiffs allege that this written

6    agreement was drafted by Defendants SMITH or those acting on behalf of SMITH.

7    98.    Plaintiffs have performed all conditions, covenants, and promises required on their

8    part to be performed in accordance with the terms and conditions of the contract.

9    99.    On information and belief, Plaintiffs allege that during the course of discussing the

10   written agreements and thereafter until present ACKLEY and SMITH breached the Contracts by

11   telling Plaintiffs that according to the formula set forth in each of the Contracts (see Paragraph

12   A.2. in Exhibits "C" and "D") the purchase price was $1.2 million. On information and belief,

13   Plaintiffs allege that Plaintiffs had no reason to believe that such a representation and deceit was

14   not correct until December, 2005.

15   100.   On information and belief, Plaintiffs allege that using the formula contained in the

16   Contracts set forth in Exhibit "E", and using the data provided by ACKLEY and SMITH to

17   calculate said values according to Paragraph A.2 of each contract, the actual purchase price for

18   the equity purchased is $12,186. On information and belief, Plaintiffs allege that Exhibit "E"

19   hereto shows the calculation of the formula utilizing the data provided by Defendant Maryan

20   Ackley to Plaintiff CHRISTOPHER WUTHMANN in the summer of 2005. On information and

21   belief, Plaintiffs allege that this data was given to Plaintiff CHRISTOPHER WUTHMANN at the

22   start of the so-called severance discussions noted herein. On information and belief, Plaintiffs

23   allege that the binder provided in the summer of 2005 and referenced in Exhibit "E" only showed

24   the $1.2 million purchase price figure; it did not show the calculation (or any calculation) of the

25   purchase price, such as that set forth in Exhibit "E".

26   101.   On information and belief, Plaintiffs allege that ACKLEY and SMITH further

27   represented that they had all right, title and interest in the shares to be conveyed when in fact the

28   shares had not been validly issued to ACKLEY and SMITH. Such false representation was a

SF/191537.1/THC                                   - 25 -                        COMPLAINT FOR DAMAGES AND
                                                                                     RESTITUTION AND
                                                                                DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  breach of the written agreement.

2      102.    On information and belief, Plaintiffs allege that ACKLEY and SMITH further

3  represented that the shares to be conveyed had satisfied all requirements of California and Federal

4  law, and thus could be validly conveyed to Plaintiffs. On information and belief, Plaintiffs allege

5  that the shares were not qualified, registered, or exempt under either California or Federal law.

6  Such false representation was a breach of the written agreement.

7      103.    On information and belief, Plaintiffs allege that Defendants ACKLEY and SMITH

8  have continued to breach the Contracts set forth in Exhibits "C" and "D" by accepting to date a

9  total of $405,000, when in fact the total purchase price was $12,186, which was paid by Plaintiffs

10  to ACKLEY and SMITH over the intervening years.

11      104.    As a result of the breach of Defendants ACKLEY and SMITH, Plaintiffs have

12  been damaged in a sum to be determined at trial, but in an amount not less than $392,814, with

13  interest thereon.

14                  **SEVENTH CAUSE OF ACTION**

15      (Fraud and Deceit Action For Intentional Misrepresentation of Fact Against ACKLEY and

16                      SMITH: § 1710(1) C.C.)

17      105.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

18  Complaint.

19      106.    On information and belief, Plaintiffs allege that ACKLEY and SMITH made those

20  representations, as herein alleged.

21      107.    On information and belief, Plaintiffs allege that the representations made by

22  ACKLEY and SMITH were in fact false. On information and belief, Plaintiffs allege that the true

23  facts were:

24          a.    The purchase price of the Second 10% under the contracts set forth in

25              Exhibits "C" and "D" was $12,186, not $1.2 million.

26          b.    Plaintiffs do not currently owe ACKLEY and SMITH a sum of in excess of

27              $1.1 million in principal and interest for the purchase of the Second 10%.

28              In fact Plaintiffs are owed a refund of $392,814.

SF/191537.1/THC                        - 26 -                COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

        c.      The sale of the Second 10% was not in compliance with the requirements of Federal and State law. The shares were not validly issued to ACKLEY and SMITH, and the sale to Plaintiffs was not valid under Federal or California law.

        d.      ACKLEY and SMITH desired to convert, acquire, annex and obtain those moneys and that cashflow that would otherwise have gone to Plaintiffs if Plaintiff CHRISTOPHER WUTHMANN had remained a shareholder of PPG and investor in the project LLC's.

108.    On information and belief, Plaintiffs allege that when ACKLEY and SMITH made these representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner herein alleged, or with the expectation that Plaintiffs would so act.

109.    On information and belief, Plaintiffs allege that, at the time these representations were made by ACKLEY and SMITH and at the time that Plaintiffs took the actions herein alleged, Plaintiffs were ignorant of the falsity of ACKLEY and SMITH's representations and believed them to be true. On information and belief, Plaintiffs allege that in reliance on these representations, Plaintiffs were induced to and did make those payments and purchase said stock as described herein. On information and belief, Plaintiffs allege that had Plaintiffs known the actual facts, they would not have taken such actions. On information and belief, Plaintiffs allege that Plaintiffs' reliance of ACKLEY's and SMITH's representations was justified because Plaintiff CHRISTOPHER WUTHMANN had worked closely with Stephen Ackley and Bradley Smith for years and trusted them completely, and because all of his knowledge of the financial circumstances of PPG and the price of the stock was supplied by ACKLEY and SMITH and he had no reason to doubt the alleged accuracy of the representations made.

110.    On information and belief, Plaintiffs allege that as a proximate result of the fraudulent conduct of ACKLEY and SMITH as herein alleged, Plaintiffs were induced to expend not less than $405,000, by reason of which Plaintiffs have been damaged in the sum to be proven at trial, but in a sum not less than $405 thousand, with interest thereon.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    111.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

2    and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

3    of $5 million for depriving Plaintiffs of the future cashflow and benefits to which they would

4    have been entitled had not Defendants defrauded and cheated Plaintiffs, abused and breached

5    their fiduciary duties to Plaintiffs, and terminated Plaintiff CHRISTOPHER WUTHMANN in

6    bad faith.

7    112.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

8    and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

9    of $ 3 million for depriving Plaintiffs of their ability to bargain for severance benefits had not

10   Defendants defrauded and cheated Plaintiffs, and abused and breached their fiduciary duties to

11   Plaintiffs, by claiming that Plaintiffs owed ACKLEY and SMITH in excess of $1.1 million in

12   principal and interest on the purchase of the Second 10%.

13   113.    On information and belief, Plaintiffs allege that the aforementioned conduct of

14   ACKLEY and SMITH involved intentional misrepresentation; willful deceit; knowing and

15   intentional concealment of material facts known to the Defendants; and, knowing and willful

16   exploitation of their fiduciary relationship with Plaintiffs with the intent on the part of the

17   Defendants to thereby deprive Plaintiffs of property and legal rights or to otherwise cause injury,

18   and was despicable conduct and subjected Plaintiffs to cruel and unjust hardships in conscious

19   disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

20                        **EIGHTH CAUSE OF ACTION**

21        (Fraud and Deceit Action For Suppression of Fact Against ACKLEY and SMITH:

22                              § 1710(3) C.C.)

23   114.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

24   Complaint.

25   115.    On information and belief, Plaintiffs allege that ACKLEY and SMITH suppressed

26   those facts, as herein alleged.

27   116.    On information and belief, Plaintiffs allege that the information suppressed by

28   ACKLEY and SMITH was likely to and did in fact mislead Plaintiffs, especially in light of the

SF/191537.1/THC                          - 28 -                    COMPLAINT FOR DAMAGES AND
                                                                       RESTITUTION AND
                                                                   DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   other affirmative representations made by ACKLEY and SMITH. On information and belief,

2   Plaintiffs allege that the true facts which were suppressed were that:

3             a.   The purchase price of the Second 10% under the contracts set forth in

4                 Exhibit B was $12,186, not $1.2 million.

5             b.   Plaintiffs do not currently owe ACKLEY and SMITH a sum of in excess of

6                 $1.1 million in principal and interest for the purchase of the Second 10%.

7             c.   Plaintiffs are owed a refund of $392,814 for the overpayment on the

8                 purchase of the Second 10%.

9             d.   The sale of the Second 10% was not in compliance with the requirements

10               of Federal and State law. The shares were not validly issued to ACKLEY

11               and SMITH, and the sale to Plaintiffs was not valid under Federal or

12               California law.

13             e.   ACKLEY and SMITH desired to convert, acquire, annex and obtain those

14               moneys and that cashflow that would otherwise have gone to Plaintiffs if

15               Plaintiff CHRISTOPHER WUTHMANN had remained a shareholder of

16               PPG and investor in the project LLC's.

17      117.   On information and belief, Plaintiffs allege that the combination of representations

18   made, as noted herein, and failures to disclose information and suppression of information herein

19   alleged to have been made by ACKLEY and SMITH were made with the intent to induce

20   Plaintiffs to act in the manner herein alleged in reliance thereon.

21      118.   On information and belief, Plaintiffs allege that Plaintiffs, at the time these failures

22   to disclose and suppression of facts occurred, were ignorant of the existence of the facts that

23   ACKLEY and SMITH suppressed and failed to disclose. On information and belief, Plaintiffs

24   allege that had Plaintiffs known the actual facts, they would not have taken the actions noted

25   herein. On information and belief, Plaintiffs allege that Plaintiffs' reliance of ACKLEY and

26   SMITH's deceits was justified because Plaintiff CHRISTOPHER WUTHMANN had worked

27   closely with Stephen Ackley and Bradley Smith for years and trusted them completely, and

28   because all of his knowledge of the financial circumstances of PPG and the price of the stock was

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  supplied by ACKLEY and SMITH and he had no reason to doubt the alleged accuracy of the
2  representations made.

3      119.    On information and belief, Plaintiffs allege that as a proximate result of the
4  fraudulent and deceitful conduct of ACKLEY and SMITH as herein alleged, Plaintiffs were
5  induced to expend $405,000, by reason of which Plaintiffs have been damaged in the sum to be
6  proven at trial, but in a sum not less than $405 thousand, with interest thereon.

7      120.    For special damages in the sum of $ 5 million for depriving Plaintiffs of the future
8  cashflow and benefits to which they would have been entitled had not Defendants defrauded and
9  cheated Plaintiffs, abused and breached their fiduciary duties to Plaintiffs, and terminated
10  Plaintiff CHRISTOPHER WUTHMANN in bad faith.

11      121.    For special damages in the sum of $ 3 million for depriving Plaintiffs of their
12  ability to bargain for severance benefits had not Defendants defrauded and cheated Plaintiffs, and
13  abused and breached their fiduciary duties to Plaintiffs, by claiming that Plaintiffs owed
14  ACKLEY and SMITH in excess of $1.1 million in principal and interest for the purchase of the
15  Second 10%.

16      122.    The aforementioned conduct of ACKLEY and SMITH involved intentional
17  misrepresentation; willful deceit; knowing and intentional concealment of material facts known to
18  the Defendants; and, knowing and willful exploitation of their fiduciary relationship with
19  Plaintiffs with the intent on the part of the Defendants to thereby deprive Plaintiffs of property
20  and legal rights or to otherwise cause injury, and was despicable conduct and subjected Plaintiffs
21  to cruel and unjust hardships in conscious disregard of Plaintiffs' rights, so as to justify an award
22  of exemplary and punitive damages.

23  

**NINTH CAUSE OF ACTION**

24      (Negligent Misrepresentation of Fact Against ACKLEY and SMITH: § 1710(2) C.C.)

25      123.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 and 107 of
26  this Complaint.

27      124.    On information and belief, Plaintiffs allege that since the contracts attached hereto
28  in Exhibits "C" and "D" were drafted by ACKLEY and SMITH, or by those acting on their

SF/191537.1/THC             - 30 -               COMPLAINT FOR DAMAGES AND
                                                                          RESTITUTION AND
                                                                           DEMAND FOR A JURY TRIAL

1   behalf, and since they had control over and knowledge of all the financial information necessary

2   to calculate the true values for the purchase (as shown by Exhibit "E"), when ACKLEY and

3   SMITH made the representations noted herein (as noted in Paragraph 107 hereinabove) they had

4   no reasonable ground for believing them to be true in that there was no reasonable basis for

5   believing them to be true.

6       125.    On information and belief, Plaintiffs allege that ACKLEY and SMITH made these

7   representations with the intention of inducing Plaintiffs to act in reliance thereon in the manner

8   herein alleged, or with the expectation that Plaintiffs would so act.

9       126.    On information and belief, Plaintiffs allege that as a proximate result of the

10  fraudulent conduct of ACKLEY and SMITH as herein alleged, Plaintiffs were induced to expand

11  not less than \$405,000, by reason of which Plaintiffs have been damaged in the sum to be proven

12  at trial, but in a sum not less than \$405 thousand, with interest thereon.

13      127.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

14  and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

15  of \$5 million for depriving Plaintiffs of the future cashflow and benefits to which they would

16  have been entitled had not Defendants defrauded and cheated Plaintiffs, abused and breached

17  their fiduciary duties to Plaintiffs, and terminated Plaintiff CHRISTOPHER WUTHMANN in

18  bad faith.

19      128.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

20  and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

21  of \$ 3 million for depriving Plaintiffs of their ability to bargain for severance benefits had not

22  Defendants defrauded and cheated Plaintiffs, and abused and breached their fiduciary duties to

23  Plaintiffs, by claiming that Plaintiffs owed ACKLEY and SMITH in excess of \$1.1 million in

24  principal and interest for the purchase of the Second 10%.

25                             **TENTH CAUSE OF ACTION**

26                     (Negligence Per Se Against ACKLEY and SMITH)

27      129.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

28  Complaint.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   130.    On information and belief, Plaintiffs allege that at all times relevant, ACKLEY

2   and SMITH were the owners of equity shares in PPG.

3   131.    On information and belief, Plaintiffs allege that on or about December, 2000

4   ACKLEY and SMITH caused to be sold to Plaintiffs the Second 10%.

5   132.    On information and belief, Plaintiffs allege that at this time there was in effect

6   numerous Federal and State statutes and regulations pertaining to the sale of equity shares,

7   including but not limited to Section 25310 Corporations Code and 15 U.S.C. § 77e. These laws

8   and their implementing regulations are of the type meant to protect Plaintiffs from the acts of

9   ACKLEY and SMITH as noted herein.

10   133.    On information and belief, Plaintiffs allege that at all times relevant ACKLEY and

11   SMITH were in violation of each and all of said statutes and their implementing regulations.

12   134.    On information and belief, Plaintiffs allege that as a proximate result of the

13   negligent conduct of ACKLEY and SMITH as herein alleged, Plaintiffs were induced to expend

14   $405,000, by reason of which Plaintiffs have been damaged in the sum to be proven at trial, but in

15   a sum not less than $405 thousand, with interest thereon.

16   135.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

17   and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

18   of $5 million for depriving Plaintiffs of the future cashflow and benefits to which they would

19   have been entitled had not Defendants defrauded and cheated Plaintiffs, abused and breached

20   their fiduciary duties to Plaintiffs, and terminated Plaintiff CHRISTOPHER WUTHMANN in

21   bad faith.

22   136.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

23   and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

24   of $ 3 million for depriving Plaintiffs of their ability to bargain for severance benefits had not

25   Defendants defrauded and cheated Plaintiffs, and abused and breached their fiduciary duties to

26   Plaintiffs, by claiming that Plaintiffs owed ACKLEY and SMITH in excess of $1.1 million in

27   principal and interest for the purchase of the Second 10% of PPG equity stock.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/191537.1/THC                     - 32 -                     COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

1

## ELEVENTH CAUSE OF ACTION

2

(Failure to Pay Demand Notes Against PACIFIC PENINSULA GROUP and

3

WHITEHAWK L.L.C.)

4

137.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

5

Complaint.

6

138.    At various times on or after August 27, 2001, in the County of San Mateo, for

7

valuable consideration, Defendants PACIFIC PENINSULA GROUP and WHITEHAWK L.L.C.

8

made, executed, and delivered to Plaintiffs promissory notes on the dates and in the principal

9

amounts set forth below, or in the case of the two loans made in October, 2005, the promise of

10

"demand notes" in their usual form and terms:

11

| Date of Note | Borrower | Amount ($) |
|---|---|---|
| 8/20/02 | PPG | 16800.27 |
| 11/14/02 | PPG | 1838.59 |
| 12/13/02 | PPG | 30,000 |
| 8/8/05 | WHITEHAWK L.L.C. | 100,000 |
| 10/28/05 | WHITEHAWK L.L.C. | 25,000 |
| 8/27/01 | "PPG-Whitehawk Construction Project" | 50,000 |
| 2/28/02 | "PPG-Whitehawk Construction Project" | 100,000 |
| 7/8/02 | "PPG-Whitehawk Construction Project" | 30,000 |
| 10/30/02 | "PPG construction project Whitehawk" | 35,000 |
| 10/20/05 | WHITEHAWK L.L.C. | 225,000 |
| 10/28/05 | WHITEHAWK L.L.C. | 100,000 |

24

139.    On information and belief, Plaintiffs allege that all of said promissory notes are

25

payable on demand.

26

140.    On or about February 13, 2006 Plaintiffs demanded that PACIFIC PENINSULA

27

GROUP and WHITEHAWK L.L.C. pay the principal amounts of these notes.

28

141.    Shortly thereafter Plaintiffs demanded that if these defendants contended that one

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/191537.1/THC                        - 33 -                        COMPLAINT FOR DAMAGES AND
                                                                     RESTITUTION AND
                                                                     DEMAND FOR A JURY TRIAL

1  or more of the notes has been paid, then these defendants provide proof of said payment.

2  Plaintiffs also demanded that these defendants search their records for other notes that may be

3  outstanding, and cause those to be paid also. Plaintiffs also demanded that defendants produce

4  copies of the notes and any proofs of payment as part of their inspection of records pursuant to

5  Section 7.3 of the PPG Bylaws. See Exhibit "F". No copy of any note or proof of any payment

6  was produced by Defendants during said inspection.

7  142.  As stated in the amended demand, these notes (to the extent proof was not

8  provided that they had been paid) and such other notes as these defendants could locate were to

9  be paid by not later than February 21, 2006.

10  143.  These Defendants have failed and continue to fail to pay the notes, or any part of

11  them, and there is now due, owing, and unpaid from these defendants the sum of the principal

12  thereof in an amount of not less than $713,639.31.

13  **TWELTH CAUSE OF ACTION**

14  (Violation of California Business and Professions Code Section 17200 et seq. Against

15  ACKLEY and SMITH)

16  144.  Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this

17  Complaint.

18  145.  On information and belief, Plaintiffs allege that as noted herein, ACKLEY and

19  SMITH have engaged in conduct that violates the following statutory laws and their

20  implementing regulations pertaining to the sale of securities: Section 25130 Corporations Code

21  and 15 U.S.C. § 77e.

22  146.  On information and belief, Plaintiffs allege that by committing the acts alleged

23  above, ACKLEY and SMITH have engaged in unlawful business practices that constitute unfair

24  competition within the meaning of Business & Professions Code §17200.

25  147.  Wherefore Plaintiffs are entitled to restitution of all moneys paid as a result of the

26  illegal business practices of ACKLEY and SMITH in an amount of not less than $1,106,453.31.

27  **THIRTEENTH CAUSE OF ACTION**

28  (Bad Faith Employment Termination Against ACKLEY and SMITH)

SF/191537.1/THC  - 34 -  COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR A JURY TRIAL

1   148.    Plaintiffs incorporate herein as if stated in full Paragraphs 1 through 59 of this
2   Complaint.

3   149.    On information and belief, Plaintiffs allege that in 1998, Plaintiff CHRISTOPHER
4   WUTHMANN and ACKLEY and SMITH entered into a stock purchase agreement under which
5   Plaintiff CHRISTOPHER WUTHMANN received 10% of the total equity shares of PPG.  See
6   Exhibits "A" and "B" attached hereto.

7   150.    On information and belief, Plaintiffs allege that as a result of the 1998 Restricted
8   Stock Purchase Agreement, Plaintiff CHRISTOPHER WUTHMANN was entitled to 10% of the
9   after-tax profits in PPG.

10   151.    On information and belief, Plaintiffs allege that in December 2000, Plaintiff
11   CHRISTOPHER WUTHMANN received an additional 10% of the equity in PPG pursuant to the
12   2000 Restricted Stock Purchase Agreement attached hereto as Exhibits "C" and "D".

13   152.    On information and belief, Plaintiffs allege that as of the December 2000
14   "Restricted Stock Purchase Agreement," Plaintiff CHRISTOPHER WUTHMANN was entitled to
15   20% of the after-tax profits of PPG.

16   153.    On information and belief, Plaintiffs allege that in 2005, ACKLEY and SMITH
17   realized that the many projects under development, near completion, coming onto market, or
18   likely soon to be sold would produce in the post-2005 time period very substantial returns for
19   PPG or for the project development LLC's in which ACKLEY, SMITH, and Plaintiff
20   CHRISTOPHER WUTHMANN invested.  On information and belief, Plaintiffs allege that in
21   July 2005, Defendants Stephen Ackley and Bradley Smith informed Plaintiff CHRISTOPHER
22   WUTHMANN that they wished to terminate his employment with PPG.  On information and
23   belief, Plaintiffs allege that out of avarice, covetousness, and greed, ACKLEY and SMITH
24   willfully and intentionally conspired, planned, and decided to terminate Plaintiff CHRISTOPHER
25   WUTHMANN's employment with PPG effective December 31, 2005, in order to convert,
26   acquire, annex and obtain those moneys and that cash flow that would otherwise have gone to
27   Plaintiffs.  On information and belief, Plaintiffs allege that not satisfied with the likelihood that
28   they themselves would make many millions of dollars, ACKLEY and SMITH conspired and

SF/191537.1/THC                          - 35 -                    COMPLAINT FOR DAMAGES AND
                                                                   RESTITUTION AND
                                                                   DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1     acted to deprive Plaintiff CHRISTOPHER WUTHMANN of his share.

2         154.    On information and belief, Plaintiffs allege that as a proximate result of the acts of

3     Defendants Stephen Ackley and Bradley Smith and shareholders ACKLEY and SMITH the

4     Plaintiffs have been damaged in a sum to be determined at trial, but in an amount not less than $1

5     million.

6         155.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

7     and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

8     of $5 million for depriving Plaintiffs of the future cashflow and benefits to which they would

9     have been entitled had not Defendants defrauded and cheated Plaintiffs, abused and breached

10     their fiduciary duties to Plaintiffs, and terminated Plaintiff CHRISTOPHER WUTHMANN in

11     bad faith.

12         156.    As a proximate result of the acts of Defendants Stephen Ackley and Bradley Smith

13     and shareholders ACKLEY and SMITH the Plaintiffs have incurred special damages in the sum

14     of $ 3 million for depriving Plaintiffs of their ability to bargain for severance benefits had not

15     Defendants defrauded and cheated Plaintiffs, and abused and breached their fiduciary duties to

16     Plaintiffs, by claiming that Plaintiffs owed ACKLEY and SMITH in excess of $1.1 million in

17     principal and interest on the purchase of the Second 10% of PPG equity stock.

18                                    **PRAYER FOR RELIEF**

19         Wherefore, Plaintiffs prays for relief against all Defendants as follows:

20         1.      With respect to the First and Third Causes of Action, for compensatory damages in

21     the sum of not less than $ 987,184 pertaining to the Second 10%.

22         2.      With respect to the First, Second, Third, and Fourth Causes of Action, for

23     compensatory damages or restitution of $713,639.31 pertaining to the demand notes.

24         3.      With respect to the Fifth, Seventh, Eighth, and Thirteenth Causes of Action, for

25     compensatory damages in the sum of not less than $1 million.

26         4.      With respect to the Fifth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Causes of

27     Action, for special damages in the sum of not less than $5 million for depriving Plaintiffs of the

28     future cashflow and benefits to which they would have been entitled had not Defendants

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  defrauded and cheated Plaintiffs, abused and breached their fiduciary duties to Plaintiffs, and
2  terminated Plaintiff CHRISTOPHER WUTHMANN in bad faith.

3      5.    With respect to the Fifth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Causes of
4  Action, for special damages in the sum of not less than $3 million for depriving Plaintiffs of their
5  ability to bargain for severance benefits had not Defendants defrauded and cheated Plaintiffs, and
6  abused and breached their fiduciary duties to Plaintiffs, by claiming that Plaintiffs owed
7  ACKLEY and SMITH in excess of $1.1 million in principal and interest for the purchase of the
8  Second 10%.

9      6.    With respect to the First, Fifth, and Sixth Causes of Action, for restitution in the
10  sum of not less than $392,814 related to the purchase of the Second 10%.

11      7.    With respect to the Second, Fourth, Ninth, and Tenth Causes of Action, for
12  restitution in the sum of not less than $405,000.

13      8.    With respect to the Eleventh Cause of Action, for the sum of not less than
14  $713,639.31 in the principal amount due and owing on the Notes.

15      9.    With respect to the Twelfth Cause of Action, for restitution in the sum of not less
16  than $1,106,453.31.

17      10.    With respect to the First through Tenth and Twelfth and Thirteenth Causes of
18  Action, for the legal rate of interest on all sums noted herein.

19      11.    With respect to the Fifth, Seventh, and Eighth Causes of Action, for exemplary
20  damages.

21      12.    For reasonable attorney's fees according to proof.

22      13.    For costs of the suit.

23      14.    For such other relief as the Court deems just and proper.

24  ///
25  ///
26  ///
27  ///
28  ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

COMPLAINT FOR DAMAGES AND
RESTITUTION AND
DEMAND FOR A JURY TRIAL

1  Dated: February 2 4 , 2006                    ROPERS, MAJESKI, KOHN & BENTLEY

2

3                                                By: _____
                                                     THOMAS H. CLARKE, JR.
4                                                    Attorneys for Plaintiffs
                                                     CHRISTOPHER E. WUTHMANN &
5                                                    ALLISON ROCK, Husband & Wife

6

7

8  DEMAND FOR JURY TRIAL

9  Plaintiffs request a jury trial.

10

11

12  Thomas H. Clarke, Jr.
    Counsel For Plaintiffs CHRISTOPHER WUTHMANN
13  And ALLISON ROCK, Husband And Wife.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF/191537.1/THC                    - 38 -              COMPLAINT FOR DAMAGES AND
                                                         RESTITUTION AND
                                                      DEMAND FOR A JURY TRIAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco